Frances HAMES, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 82–1731
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 13, 1983.

Rehearing Denied July 29, 1983.

Laurance L. Priddy, Fort Worth, Tex., for plaintiff-appellant.

Mattie Nell Peterson Compton, Asst. U.S. Atty., Fort Worth, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

 AFFIRMED on the basis of the district court's opinion set forth in its entirety below.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANCES HAMES | § § | |
| VS. | § § | CIVIL ACTION NO. 4–76–233–K |
| JOSEPH A. CALIFANO, JR., SECRETARY OF HEALTH, EDUCATION AND WELFARE | § § § § | |

## MEMORANDUM OPINION

BELEW, District Judge.

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1976), for judicial review of a final decision of the Secretary of Health and Human Services denying her claim for a period of disability and for disability insurance benefits under Sections 216(i) and 223 of Title II of the Act, 42 U.S.C., § 416(i) and 423. This case is before the Court on motions by both parties for summary judgment. After giving due consideration to said motions, and the briefs, pleadings and transcript of the Social Security Administration proceedings filed herein, the Court is of the opinion that the Defendant's motion for summary judgment should be granted.

This case reaches the Court after a long and complicated administrative history. Plaintiff first filed a disability application on May 4, 1973. This claim was denied and Plaintiff failed to appeal the decision, thus becoming the final decision of the Secretary. Plaintiff filed a second application on February 4, 1975. That claim was initially dismissed res judicata, but the administrative law judge, hearing the evidence de novo, ruled that Plaintiff was not disabled prior to the expiration of her insured status on September 31, 1971. The district court affirmed the Secretary's decision, but the circuit court remanded the case to allow Plaintiff to produce additional medical evidence concerning her condition during 1970–1971.

On remand, the administrative law judge issued a recommended decision on September 31, 1981, in which he found that Plaintiff had not shown a period of disability for the crucial period prior to September 31, 1971, and that the additional evidence incorporated into the record did not indicate that Plaintiff had a basic work-related impairment.

Plaintiff thereafter sought review of the recommended decision before the Appeals Council. The Appeals Council approved the denial of social security benefits on December 18, 1981. It thus became the final decision of the Secretary, of which Plaintiff now seeks judicial review.

The only issue before the Court in this action is whether the final decision of the Secretary, that Plaintiff is not disabled within the meaning of the Social Security Act, is supported by substantial evidence.

Briefly, the facts are as follows. The crucial issue before the Secretary of Health

and Human Services was whether the Plaintiff was disabled on or before September 30, 1971, the last day of her insured status. In support of her claim the Plaintiff introduced as evidence a report of an orthopedic specialist stating that he first saw Mrs. Hames in August, 1970, when she complained of back pain. Shortly thereafter he performed a laminectomy. In 1972 he performed a spinal fusion, discharging her in 1973. He last saw her in July, 1975, and in a letter expressed the opinion that she had been totally disabled since August, 1970. An internist-orthopedic surgeon examined Mrs. Hames in 1975 and found the movement of her lower back quite restricted. He concluded she was unable to be up more than on a half-time basis doing sedentary work around the house. An osteopath specializing in surgery who had assisted in the 1970 laminectomy added little other than that she was still having trouble with her back. Mrs. Hames and her husband both testified to her pain and disability. In response to a hypothetical question, a vocational expert testified that, while Mrs. Hames was restricted to sedentary employment, she was capable of holding such jobs as cashier in a split-shift cafeteria, attendant or cashier in a retail store, or, perhaps bench processing. In rejecting the Plaintiff's claim, the Secretary found that there was no new objective medical evidence in the record showing that Mrs. Hames was disabled on or before September 30, 1971. Thus, Mrs. Hames had failed to prove her disability as required by the Social Security Act.

This Court, on appeal, affirmed the Secretary's decision. The Circuit Court, however, reversed and remanded this cause. In so doing, the Circuit Court stated:

"[b]ecause of the insufficient questioning of the physicians, we do not find enough evidence in the record to support Mrs. Hames' claim, but neither do we find the inference against her sufficient to warrant its denial."

Crucial to its holding was the fact that "none of the physicians was examined specifically about Mrs. Hames' condition in 1971 and yet this was the crucial date."

Thus, the case was remanded for the taking of additional evidence.

On remand Plaintiff introduced further evidence which consisted of more detailed reports from Dr. McGrath, the treating orthopedic specialist, and Dr. Beckstrom, Plaintiff's personal physician. The claimant and her husband also testified giving more detail about her condition between the 1970 and 1972 surgeries. For the reasons set out below, the Court is of the opinion that the Secretary's ruling should be upheld.

The limited role of the Court on judicial review under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the entire record to support the fact findings or decision of the Secretary, as the trier of facts, and not to reweigh the evidence, or try the issues de novo, or substitute the judgment of the court for that of the Secretary. *Allen v. Schweiker,* 642 F.2d 799 (5th Cir.1981). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Wilkinson v. Schweiker,* 640 F.2d 743 (5th Cir.1981).

Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir.1973); *Payne v. Weinberger,* 480 F.2d 1006 (5th Cir.1973).

The concept of disability is defined in the Social Security Act, as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A) (1976).

Section 223(d)(3) of the Act further defines "physical or mental impairment" as meaning "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3) (1976).

The claimant alleges that the Secretary's decision was "not predicated on any evidence at all." This Court does not agree. It must be remembered that an individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability. *Western v. Harris,* 633 F.2d 1204 (5th Cir.1981). To meet her burden and establish disability under the Act, Plaintiff must prove that she is unable to engage in any substantial gainful activity. Plaintiff must also establish a physical impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity. *Wilkinson v. Schweiker,* 640 F.2d 743 (5th Cir.1981). Thus, the Secretary does not have the burden of making an initial showing of nondisability. *Reyes Robles v. Finch,* 409 F.2d 84 (1st Cir.1969); *Campbell v. Gardner,* 370 F.2d 921 (6th Cir.1967).

The claimant failed to meet her burden by proving her disability. Thus, the Circuit Court remand with instructions that additional evidence bearing on Plaintiff's condition be submitted. The evidence introduced after remand was no more supportive of the Plaintiff's claim than the evidence previously introduced.

The new report submitted from Dr. McGrath set out a more complete history of claimant's condition and again gave his opinion that she had been totally disabled since 1970. Dr. McGrath also attached copies of his records to this report and stated that his opinion was based on these records. However, the attached records were mere duplicates of records which had been introduced at the prior administrative hearing. Dr. McGrath's opinion did not set forth any new basis for his opinion and was unsupported by specific and complete clinical findings which would show that Plaintiff

was disabled during 1970–1971. Further, it is significant that Dr. McGrath did not see or examine Plaintiff during the period from August 1970 until 1972. Dr. McGrath, therefore, could not have testified as to Plaintiff's condition in 1971 as directed by the Circuit Court.

The additional records submitted by Dr. Beckstrom, likewise failed to show that Plaintiff was disabled during the period in question. While said records refer in passing to Plaintiff's back pain, there is no indication of how severe the pain was. Further, said records show that the pain was treated with medication. It is not unreasonable to assume that satisfactory results were achieved. Significantly, during the critical period before the expiration of her insured status in September, 1971, the Plaintiff was only seen once by Dr. Beckstrom, on March 21, 1971. The entry for that date merely noted a back condition and a Valium prescription.

This Court is of the opinion that there was substantial evidence to support the Secretary's finding of nondisability. The Plaintiff is required to establish that she suffered from a back impairment of disabling severity. The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her back trouble that she was precluded from engaging in any substantial gainful activity. *Demandre v. Califano,* 591 F.2d 1088 (5th Cir.1979); *Russell v. Secretary of Health, Education and Welfare,* 402 F.Supp. 613 (E.D.Mo.1975), aff'd 540 F.2d 353 (8th Cir.1976); *Manzanares v. Secretary of Health, Education and Welfare,* [Jan. 1976—Jan. 1977 Transfer Binder] Unempl. Ins.Rep. (CCH) ¶ 14,975 (D.N.M.1976). The Secretary did not find that Plaintiff did not have a back problem. Rather he found that the degree of impairment evidenced by the objective medical finding did not impose functional restrictions of disabling severity on Plaintiff's activities. It should also be noted that individuals capable of performing even light or sedentary work, despite back trouble, are not disabled under the Act. *Fortenberry v. Harris,* 612 F.2d 947

(5th Cir.1980); *Chaney v. Califano*, 588 F.2d 958 (5th Cir.1979); *Keller v. Matthews*, 543 F.2d 624 (8th Cir.1976); *Gonzales v. Califano*, 452 F.Supp. 411 (D.N.M.1978).

In the absence of objective medical evidence indicating that Plaintiff suffered disabling back pain, Plaintiff failed to meet her burden of proving disability. *Chaney v. Califano, supra; Dvorak v. Celebrezze*, 345 F.2d 894 (10th Cir.1965). The record demonstrates an absence of objective medical evidence indicating that Plaintiff suffered such disabling back pain. Upon remand, the claimant failed to produce any further medical evidence *specifically* addressing Mrs. Hames' condition during the crucial period between 1970 and 1971. Further, the claimant's additional evidence was merely repetitive of that introduced at the prior hearing.

In reaching his decision, the administrative law judge also properly considered Plaintiff's subjective complaints of pain. While it is well established that pain alone can be disabling, the existence of pain is not an automatic ground for entitlement to disability benefits. *Newborn v. Harris*, 602 F.2d 105 (5th Cir.1979). Pain, in and of itself has been recognized as a disabling condition under the Act, but only where it is constant, unremitting, and wholly unresponsive to therapeutic treatment. *Chaney v. Califano, supra; Benson v. Matthews*, 554 F.2d 860 (8th Cir.1977); *Dvorak v. Celebrezze, supra.*

It is important to note that the test for disability under the Social Security Act is not satisfied merely because Plaintiff cannot work without some pain or discomfort. *Chaney v. Califano, supra; Laffoon v. Califano*, 558 F.2d 253 (5th Cir.1977); *Timmerman v. Weinberger*, 375 F.Supp. 641 (E.D. Mo.1974), *aff'd*, 510 F.2d 439 (8th Cir.1975). Plaintiff must show that she is so functionally impaired that she is precluded from engaging in substantial gainful activity. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir.1979); *Russell v. Secretary of Health, Education and Welfare*, 402 F.Supp. 613 (E.D.Mo.1975), *aff'd*, 540 F.2d 353 (8th Cir. 1976).

Further, no manifestations of any severe pain or weakness as seen through muscular atrophy, contracture or other tissue changes were reported. The absence of any sign of severe or continuous pain as manifested by discernible and observable criteria such as significant weight loss, impairment of general nutrition, or other local morbid changes which would likely be present if this Plaintiff were under constant and severe pain, is also significant. *Chaney v. Califano, supra.*

To reiterate, the Secretary, as the trier of facts, has the duty of weighing the evidence presented in a claim for disability insurance benefits under the Social Security Act. It is not the place of this Court to reweigh the evidence, or try the issues de novo, or substitute its judgment for that of the Secretary. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. The additional evidence of record shows only that Plaintiff had some intermittent problems with her back and not that she had a disability lasting twelve months. Because the record fails to show serious back problems after August, 1970, and before September, 1971, Plaintiff has not shown she was disabled while insured. At the very least, the record reveals that there was not a "conspicuous absence of credible choices." The evidence of record created more than a suspicion of the nonexistence of a disability of the claimant during 1970 and 1971. Therefore, there was substantial evidence to support the Secretary's findings.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Summary Judgment be in all things GRANTED.

IT IS SO ORDERED.