Milton H. ARMSTRONG

v.

Otis R. BOWEN, M.D., Secretary of the United States Department of Health and Human Services.

Civ. A. No. H–84–3381.

United States District Court, S.D. Texas, Houston Division.

Nov. 4, 1986.

Jeffrey J. Skarda, Gulf Coast Legal Foundation, Houston, Tex., for Armstrong.

Samuel G. Longoria, Asst. U.S. Atty., Houston, Tex., for Bowen.

## ORDER

CARL O. BUE, Jr., District Judge.

This is an appeal by the Claimant from the denial of disability benefits under the Social Security Act. Claimant has not worked since February 2, 1982, when he sustained an on-the-job back injury. He applied for disability benefits on August 29, 1983. His application was denied administratively, both initially and on reconsideration. Claimant then requested a hearing before an administrative law judge ("ALJ"), who also determined that he was not entitled to disability benefits. The Appeals Council upheld that decision on June 11, 1984. This appeal followed. The Secretary has moved for summary judgment, arguing that there is substantial evidence to support the findings and conclusions of the ALJ. The Claimant has filed a cross motion for summary judgment arguing that the ALJ's conclusions are not supported by substantial evidence. The Court has examined the record at length and, based upon controlling regulations and case law, has determined that the conclusions of the ALJ are supported by substantial evidence.

### Standard of Review

The limited role of the Court on judicial review under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the entire record to support the decision of the Secretary; it is not the Court's role to reweigh the evidence, or try the issues *de novo,* or substitute the judgment of the Court for that of the Secretary. *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir.1983). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971).

For purposes of the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A) (1983). A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3) (1983).

The Claimant has the burden of proving his disability by:

(1) proving that he is unable to engage in any substantial gainful activity, and

(2) establishing a physical impairment lasting at least twelve months that prevents him from engaging in substantial gainful activity.

*Hames,* 707 F.2d at 165. The Fifth Circuit clarified this burden somewhat by stating, "The mere presence of some impairment is not disability *per se.* Claimant must show

that he was precluded from engaging in any substantial gainful activity." *Id.* In the instant case, the ALJ determined that Claimant was not under a disability as defined in the Social Security Act and that he had failed to carry his burden of proof.

### The Medical Records

In making his determination, the ALJ reviewed Claimant's medical records, and took testimony from Claimant, as well as Claimant's wife and mother, in a hearing on January 12, 1984, at which Claimant was represented by an attorney. Claimant is a 42 year old man with an 11th grade formal education (Tr. 81). His past work has been as a laborer, longshoreman, and machine helper. At the hearing, Claimant described his symptoms and limitations as pain and stiffness in his back, with pain radiating into his legs. While the records and testimony substantiate that Claimant does indeed suffer from some back limitation, the issue is whether his back limitation and pain prevent Claimant from engaging in any substantial gainful activity. The medical evidence does not support that conclusion.

Claimant alleges that his back injury occurred in an on-the-job accident February 2, 1982. He has subsequently been treated by David V. Wray, M.D. After conservative treatment apparently failed to ease Claimant's back pain, he underwent a laminectomy and foraminotomy at L4–L5 in May 1982 (Tr. 125–129). On September 22, 1982, Dr. Wray indicated that Claimant had reached his maximum recovery and had no continuing radiation of his back symptoms (Tr. 147).

When a CT scan and electromyogram detected recurrent L4–L5 problems in December 1982, Claimant returned to the hospital for further evaluation. He underwent a second laminectomy and foraminotomy on February 14, 1983 after a myelogram revealed marked L4–L5 compression (Tr. 114–123). In a June 24, 1983 report, Dr. Wray stated that Claimant had "a significant component of functional overlay" and appeared motivated by monetary gain (Tr.

141). Dr. Wray anticipated that improvement would continue over the next few weeks, and that Claimant should attempt to return to light duty work involving no lifting over fifteen pounds and no excessive bending (Tr. 141). As of August 3, 1983, Dr. Wray considered Claimant able to do work not involving excessive bending or stooping, or lifting of more than twenty-five pounds (Tr. 146).

In his last assessment, dated January 9, 1984, Dr. Wray estimated that Claimant could lift and carry up to twenty-pounds occasionally and ten pounds frequently, sit for about six hours, and stand or walk less than about six hours but without marked limitation. He did restrict Claimant from excessive bending or stooping, and from heights (Tr. 162). The medical evidence is sufficient to substantiate the ALJ's finding that Claimant is able to do light and sedentary jobs in the national economy, and is thus not disabled.

The ALJ also considered Claimant's subjective complaints of pain, and held that they did not substantiate disability, when viewed in light of the medical evidence. It is clear that not all pain is disabling, and the fact that Claimant cannot work without some pain or discomfort will not render him disabled. *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir.1984). The proper standard for evaluating assertions of pain by a disability claimant is statutorily provided for in the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423(d)(5)(A). The statute provides that allegations of pain do not, by themselves, constitute conclusive evidence of disability. There must be objective medical evidence showing the existence of a physical impairment which could reasonably be expected to provide the pain. In the instant case, the x-ray and clinical abnormalities detected by Dr. Wray both before and after the second surgery indicate that underlying objective evidence of severe pain did not exist for any continuous twelve month period (Tr. 140–141, 150, 162). Claimant's daily activities, which include driving a car, vacuuming, washing dishes and mowing the

lawn, coupled with his lack of dependence on pain medication tend to refute his complaints of constant, debilitating pain (Tr. 39–41, 69, 140–143, 162).

Upon consideration of all of the medical evidence, as well as Claimant's subjective complaints of pain, there is substantial evidence to support the ALJ's finding that Claimant's back injury does not preclude him from engaging in any substantial gainful activity.

### Conclusion

This Court concludes that the determinations of the ALJ were based upon substantial evidence in the record and that there was no error in his determination of Claimant's residual capacity. Accordingly, the Secretary's motion for summary judgment is granted. The Claimant's motion for summary judgment is denied.