**Filed 9/17/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LORRI J. HULL,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

       Defendant-Appellee.

No. 96-7004
(D.C. No. CV-95-118-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Lorrie J. Hull (claimant) appeals from the district court's decision upholding the Secretary's denial of disability benefits and supplemental security income. Claimant asserted that she was disabled due to the residual effects of the amputation of her right leg above the knee, and back and hip pain. Following the second of two hearings, the administrative law judge (ALJ) determined, at the fifth step of the applicable five-step sequential analysis, 20 C.F.R. §§ 404.1520, 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988), that, while claimant could not return to her past work and could not perform a full range of sedentary work, she remained capable of performing sedentary jobs existing in the national economy. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.[1]

This court reviews the Secretary's decision only to insure that the record contains substantial evidence supporting the factual findings and that the Secretary applied the law correctly. Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). On appeal, claimant specifically argues that the ALJ improperly discredited her complaints of disabling pain and used incomplete hypothetical

---

[1] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text, however, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

questions to elicit testimony from the vocational expert upon which the ALJ then relied to deny benefits.

Upon careful review of the record, we determine that the ALJ properly considered claimant's complaints of disabling pain. See Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995)(discussing proper consideration of complaints of disabling pain). Further, there is nothing in this record to cause this court to question the ALJ's pertinent credibility determinations. See Winfrey v. Chater, No. 95-7139, 1996 WL 444144, at *2 (10th Cir. Aug. 7, 1996).

The ALJ's hypothetical questions asked the vocational expert to consider the job possibilities for an individual who could perform sedentary work, but who was further limited by her need to stand for five minutes after sitting for thirty to forty minutes. Claimant argues that the ALJ erred in not also including in those questions her restrictions from working around moving machinery, heights, or vibrations, or from climbing, stooping, kneeling, balancing, crouching or crawling. Because these restrictions would not further restrict claimant's ability to do the sedentary work identified by the vocational expert, the ALJ did not err in failing to include these limitations in his hypothetical questions. See, e.g., Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)("person would not need to crouch and would need to stoop only occasionally to perform substantially all sedentary and light jobs, citing Soc. Sec. Ruling 83-14); id. ("relatively few jobs

in the national economy require climbing or balancing," citing Soc. Sec. Ruling 83-14); Armstrong v. Bowen, 648 F. Supp. 309, 311 (S.D. Tex. 1986)(restrictions on bending, stooping and heights did not preclude claimant from performing sedentary work); Soc. Sec. Ruling 83-10 (by its very nature, sedentary work, which is performed primarily in seated position, entails no significant stooping); Soc. Sec. Ruling 85-15 (limitations on crawling and kneeling are of little significance in work world); id. (restrictions from working at unprotected heights and around moving machinery due to seizure disorders would not significantly affect work ability).

Claimant also argues that the ALJ failed to include the limitations resulting from her need to use crutches when ambulating without her prosthesis and a cane when using her prosthesis. While use of crutches may further limit an individual's ability to perform sedentary work, see, e.g., Johnson v. Bowen, 687 F. Supp. 1284, 1299 (W.D. Wis. 1988); Kellam v. Bowen, 663 F. Supp. 238, 243 (E.D. Pa. 1987), there is no indication that the use of a cane would prevent claimant from performing the minimal standing, walking and carrying requirements of sedentary work, 20 C.F. R. §§ 404.1567(a), 416.967(a), see, e.g., Gaffney v. Bowen, 825 F.2d 98, 101-02 (6th Cir. 1987)(upholding determination that claimant who needed cane to ambulate could perform full range of sedentary work).

Therefore, because substantial evidence supported the ALJ's factual findings and because we find no legal error, we AFFIRM the denial of benefits.

Entered for the Court


Wade Brorby
Circuit Judge