United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 06-30909
Summary Calendar

WILLIAM HENRY CANTRELL,

Plaintiff-Appellant,

versus

LINDA S MCMAHON, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(5:05-CV-868)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Henry Cantrell challenges the Commissioner of the Social Security Administration's final decision denying his claim for disability benefits, which was affirmed by the district court. Cantrell claims: in finding he was not disabled, the Administrative Law Judge (ALJ) improperly defined "moderate" in relation to mental limitations; and the Appeals Council failed to consider evidence he submitted that was allegedly new and material and would provide a basis for changing the decision of the ALJ.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As an applicant for disability benefits, Cantrell bore the initial burden of proving he was disabled by establishing a physical or mental impairment prevented him from engaging in substantial gainful activity for at least 12 months. 42 U.S.C. § 423. Once he satisfied this burden, the Secretary bore the burden of establishing he did *not* have any impairments significantly limiting his physical or mental ability to do work activities, and therefore was not disabled. *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c); ***Johnson v. Bowen***, 864 F.2d 340, 344 (5th Cir. 1988).

The ALJ found Cantrell had the residual functional capacity (RFC) for a full range of medium work, with, *inter alia*, "moderate" limitations in his ability to maintain attention and concentration for extended periods, to interact with the general public, and to accept instructions and respond appropriately to supervisors. This determination was based in part on the reports from a state consultant's assessment of Cantrell's ability to work. A vocational expert testified that an individual with Cantrell's RFC could *not* perform his past work as a sales agent but could perform his past work as a gambling dealer. The ALJ defined "moderate", both in his decision and in the interrogatories directed to the vocational expert, as meaning "there are some moderate limitations, but the person can still perform the task satisfactorily".

After the ALJ issued his decision finding him *not* disabled, Cantrell submitted additional evidence to the Appeals Council

2

regarding treatment he received for two medical conditions. (The evidence had apparently been inadvertently left out of the administrative transcript. Accordingly, the Agency filed a supplemental transcript.) The Appeals Council reviews a case if, *inter alia*, it receives new and material evidence and the decision is contrary to the weight of all the evidence in the record. 20 C.F.R. § 404.970(b). The Appeals Council denied Cantrell's request for review in a written order.

Pursuant to 42 U.S.C. § 405(g), our court reviews whether substantial record evidence supports the Commissioner's final decision and whether, in reaching it, the Commissioner applied proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is more than a mere scintilla, less than a preponderance, and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'". *Id.* (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

Cantrell claims that, because "moderate" falls between "mild" and "marked", which are defined in the regulations, it should indicate a greater degree of limitation than that in the ALJ's definition. Although the term "moderate" is not defined in the regulations or the Program Operations Manual System, Cantrell does *not* show the definition used by the ALJ conflicts with either. "Marked" is defined as "more than moderate but less than extreme".

3

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(c).  Accordingly, "moderate" is less severe and was *not* used in a manner inconsistent with the regulations.  Moreover, there is substantial evidence the vocational expert understood the degree of limitation at issue in assessing what level of work a person with Cantrell's RFC could perform.

The record also contains substantial evidence the Appeals Council considered all of the evidence, including the post-decision supplemental records submitted by Cantrell, in denying his request for review.  In its order, the Appeals Council specifically stated it had considered the additional evidence and found it did not warrant changing the ALJ's disability decision.  Furthermore, the final no-disability decision is supported by substantial evidence: Cantrell has *not* shown no credible choices or medical evidence support the decision.  *See **Hames v. Heckler***, 707 F.2d 162, 164 (5th Cir. 1983) ("'[N]o substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence'". (citations omitted)).

***AFFIRMED***