IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-11301
Summary Calendar

CYNTHIA JEAN NUGENT,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CV-256

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

The Commissioner of Social Security ("Commissioner") denied Cynthia Jean Nugent disability insurance and supplemental income benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423, 1382c, and Nugent challenged the denial in district court. The court affirmed the Commissioner's decision, a decision that Nugent appeals. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Factual and Procedural History

Nugent applied for disability insurance and supplemental income benefits in September 2002, alleging a disability onset date of October 1, 2000, due to lower back pain. After the Commissioner denied Nugent's claims initially and on reconsideration, an administrative law judge ("ALJ") held a hearing on December 16, 2003, pursuant to Nugent's request. Nugent appeared at the hearing and testified with the assistance of her attorney. A vocational expert was also present throughout the hearing and testified as an expert witness.

On April 8, 2004, the ALJ rendered an unfavorable decision, finding that Nugent is not disabled under 20 C.F.R. § 404.1520(g) and is not entitled to the requested benefits. In so doing, the ALJ found that although Nugent suffers from "severe" lower back pain, the impairment is not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. In addition, after evaluating Nugent's testimony and the medical evidence, the ALJ found that her subjective complaints lack credibility and that she retains the residual functional capacity ("RFC") to "perform light work that allows for a sit/stand option, requires no excessive standing or walking and requires only simple one or two step tasks." Finally, based on this RFC and on the vocational expert's testimony, the ALJ found that although Nugent cannot return to the work she performed in the past, she can perform other work that exists in significant numbers in the national economy.

After the Appeals Council denied Nugent's request for review on October 4, 2004, she filed her complaint with the district court seeking review of the final administrative decision pursuant to 42 U.S.C. § 405(g). A magistrate judge recommended that the decision be affirmed, and the district court adopted the recommendation on November 15, 2007. Nugent appeals.

## II. Standard of Review

Our review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence supports the decision; and (2) whether the decision comports with relevant legal standards. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). If substantial evidence supports the Commissioner's decision, the findings are conclusive and the decision must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992) (citation omitted). It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999) (citation omitted). As a result, this court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995). A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal quotation marks and citation omitted).

## III. Burden of Proof

A claimant is "disabled" as defined in the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential, five-step approach to determine whether a claimant is so disabled.[1]

---

[1] The steps include: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing

Nugent carried the burden of proof under the first four parts of the inquiry. Leggett, 67 F.3d at 564. The burden of proof then shifted to the Commissioner at the fifth step to establish the existence of other available substantial gainful employment that Nugent could perform. Fraga v. Bowen, 810 F.2d 1296, 1301–02 (5th Cir. 1987). Once the Commissioner identified suitable alternative employment, the burden of proof shifted back to Nugent to prove that she could not perform the alternative work identified. Id. at 1302. Throughout the process, however, the ultimate burden of establishing disability remained with Nugent. Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983).

## IV. Discussion

Nugent appears to allege three points of error in the district court's determination that substantial evidence supports the final administrative decision that she is not disabled within the meaning of the Social Security Act: first, the Commissioner failed to properly evaluate the physician opinions of record; second, the Commissioner's finding that Nugent retains the RFC to perform other work existing in significant numbers in the national economy lacks substantial evidence; and third, the Commissioner failed to properly assess her credibility.[2]

### A. Physician Opinions of Record

Nugent first argues that the Commissioner erred in giving little weight to the opinion of her treating physician, Dr. Basil Younis. It is well settled that although the "opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be

---

past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. 20 C.F.R. §§ 404.1520(a), 416.920(a).

[2] In her brief, Nugent asserts generally that the "sole issue" before this court is "[w]hether . . . the unfavorable decision of the Administrative Law Judge . . . is supported by substantial evidence" without clearly identifying the specific findings she challenges. Because she essentially attacks the district court's rulings on each of the three issues raised below, however, we address these three issues on appeal.

accorded considerable weight in determining disability," such evidence is not conclusive; rather, the ALJ bears "the sole responsibility for determining the claimant's disability status." Greenspan, 38 F.3d at 237 (internal quotation marks and citations omitted). As this court has explained:

> [W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. Scott [v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985)]. In sum, the ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." Id.; see also 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have.").

Greenspan, 38 F.3d at 237; see also 20 C.F.R. § 404.1527(d) (stating that in weighing medical opinions, the ALJ should consider the examining relationship, the treatment relationship, supportability, consistency with the record, and specialization).

Here, the ALJ was entitled to discount Dr. Younis's conclusory October 2002 statement that Nugent cannot work because it contradicts his earlier treatment notes, the objective medical findings, and the other examining physicians' opinions. Dr. Younis observed in his December 2001 notes that Nugent was "doing well" with her steroid injections, and the record reflects that he never restricted her walking, standing, sitting, lifting, or working activities. Further support that Nugent's condition was improved appears in Dr. B.J. Daneshfar's January 2002 statement that "Pt. [patient] states last injections provided much relief for her," and also in Dr. Kent Gray's December 2000 finding, on chiropractic examination, that the digital and motion palpation of Nugent's lumbar spine "is 70% improved." Finally, when Dr. Grace Stringfellow examined

Nugent at the request of the Texas Rehabilitation Commission in December 2002—just two months after Dr. Younis's "disabled" assessment in connection with Nugent's food stamp application—she opined that Nugent is capable of "light to medium work responsibilities avoiding repetitive bending and lifting greater than 20-30 pounds." See Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987) (concluding that an ALJ may rely on a well-supported consultative examiner's opinion over a poorly supported treating physician's opinion). Accordingly, substantial evidence indicates that the Commissioner properly evaluated the physician opinions of record.

### B. RFC Determination

Nugent's argument that the Commissioner erred in finding that she retains the RFC for a modified range of light work is similarly unavailing. First, as noted above, Dr. Stringfellow determined that Nugent is capable of "light to medium work responsibilities avoiding repetitive bending and lifting greater than 20-30 pounds." Second, in his January 2003 RFC evaluation, Dr. M. Dolan determined that Nugent can occasionally lift and/or carry (including upward pulling) twenty pounds; can frequently lift and/or carry (including upward pulling) ten pounds; can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; can sit (with normal breaks) for a total of about six hours in an eight-hour workday; can push and/or pull (including operation of hand and/or foot controls) to an unlimited degree other than as shown for lifting and/or carrying; has postural limitations in that she can only occasionally climb, balance, stoop, kneel, crouch, and crawl; and has no manipulative, visual, communicative, or environmental limitations. In so doing, Dr. Dolan specifically noted that he considered treating or examining source statements regarding Nugent's physical capacities and that none of the source conclusions about her limitations or restrictions differed significantly from his own. Accordingly, given that the ALJ was entitled to discount Dr. Younis's unsupported, inconsistent "disabled" finding of October 2002, substantial

evidence supports the Commissioner's RFC finding.

C.  Nugent's Credibility

Finally, Nugent contends that the Commissioner's finding that her subjective complaints lacked credibility does not constitute substantial evidence that she is not disabled.  The mere existence of pain is not an automatic ground for obtaining disability benefits.  See Cook v. Heckler, 750 F.2d 391, 395 (5th Cir. 1985).  Rather, "pain, in and of itself, can be a disabling condition . . . only when it is 'constant, unremitting, and wholly unresponsive to therapeutic treatment.'" Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988) (quoting Hames v. Heckler, 707 F.2d 162, 166 (5th Cir. 1983)).  Moreover, "[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." Loya v. Heckler, 707 F.2d 211, 215 (5th Cir. 1983) (citation omitted).  As such, "[t]hese determinations are entitled considerable deference." Jones v. Bowen, 829 F.2d 524, 527 (5th Cir. 1987) (citation omitted).  "[W]here the uncontroverted medical evidence shows a basis for the claimant's complaints," however, an ALJ's unfavorable credibility finding will not be affirmed "unless the ALJ weighs the objective medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain."  Abshire v. Bowen, 848 F.2d 638, 642 (5th Cir. 1988) (citation omitted).

Here, as the district court explained, the ALJ not only found Nugent's statements regarding her limitations to lack credibility but also cited the objective medical evidence he considered in discrediting her subjective complaints of pain.  Specifically, he noted, "while the claimant alleges severe disabling back pain, objective findings on physical examination and x-ray and MRI studies have been minimal," and then went on to discuss the results of those studies in detail in the next paragraph.  In addition, as discussed above, the objective medical evidence from Nugent's treating and examining physicians comports with this determination. Accordingly, the Commissioner was entitled to discredit Nugent's

testimony, and substantial evidence supports his conclusion that she is not disabled within the meaning of the Act.

## V. Conclusion

Finding that substantial evidence and relevant legal standards support the final administrative decision to deny Nugent's application for disability insurance and supplemental income benefits, we AFFIRM.