# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10143
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2014

Lyle W. Cayce
Clerk

CAROLYN S. THOMAS,

Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4415

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Appellant Carolyn S. Thomas ("Thomas"), a Social Security disability claimant, appeals *pro se* the district court's affirmance of the Commissioner's denial of disability insurance benefits under § 205(g) of the Social Security Act.[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 405(g) (2012).

No. 14-10143

In March of 2010, Thomas filed her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments, based on a disability allegedly beginning on March 1, 2005.[2] After a hearing on Thomas's claim, the administrative law judge ("ALJ") found that Thomas was not disabled.[3] For purposes of judicial review, Thomas's administrative remedies were exhausted when the Appeals Council denied Thomas's request for review of the ALJ's decision;[4] at that point, the ALJ's decision became the Commissioner's "final decision" for purposes of § 405(g). Thomas appealed the decision to the district court, which affirmed the ALJ's decision.[5] We find that there was substantial evidence to support the ALJ's decision, and that the ALJ applied proper legal standards when evaluating the evidence. Appellant has shown no error, and we affirm the decision of the district court.

As an initial matter, in her motion to supplement record excerpts, Thomas seeks to supplement her record excerpts with documentation that is either already included in the record or immaterial to our analysis. The motion is DENIED.

Consistent with the statutory structures of § 405(g), "[o]ur standard of review of social security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence."[6] In that analysis, substantial evidence comprises "more than a scintilla, less than a preponderance, and . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] In

---

[2] ROA at 125-26, 198-206, 238.

[3] *Id.* at 79-83.

[4] *Id.* at 58-63.

[5] *See id.* at 10-12, 821-37, 849.

[6] Taylor v. Astrue, 706 F.3d 600, 602 (5th Cir. 2012).

[7] Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983).

evaluating the presence of substantial evidence, we will not reweigh the evidence nor substitute our judgment, but will instead find evidentiary support insufficient "only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[8] Lastly, where supported by substantial evidence, the Commissioner's factual findings are conclusive.[9] Toward this end, we review the entire record during the relevant evidentiary period, which begins with the onset date of the alleged disability, March 1, 2005, and ends on the date of the ALJ's decision, July 29, 2011.[10]

The Social Security Act entitles individuals to certain benefits so long as several conditions are met.[11] Among these conditions, an applicant must suffer from a disability, defined as "the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continuous period of 12 months."[12] The disability determination proceeds through a five-step sequence, analyzing whether:

> (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.[13]

A conclusive finding on the presence of disability ends the inquiry at that point in the analysis.[14]

---

[8] Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

[9] *See* Richardson v. Perales, 402 U.S. 389, 390 (1971).

[10] ROA at 79, 83.

[11] *See* 42 U.S.C. § 423(a) (2012).

[12] *See id.* § 423(d)(1)(A).

[13] Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2014).

[14] *See* Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994).

No. 14-10143

The ALJ concluded his analysis at the second step, after finding that Thomas did not have a severe impairment based on a lack of medical evidence supporting her application.[15] Specifically, the ALJ noted that very little treatment substantiated any impairment resulting from Thomas's complaints of hand, back, chest, and hip pain, along with her diagnoses of unspecified joint disorder and hypertension. Ultimately, the ALJ found that Thomas's "subjective allegations regarding her impairment-related symptoms and limitations are at least somewhat exaggerated as they are not wholly consistent with the clinical findings on examination."[16] Accordingly, the ALJ concluded that Thomas was not disabled during the relevant period, and was therefore not entitled to DIB or SSI benefits.[17]

Though the ALJ's decision substantially described both Thomas's allegations and the relevant medical evidence,[18] we must nevertheless "scrutinize the record in its entirety to determine whether substantial evidence does indeed support the [ALJ's] findings."[19] Having done so, we hold that the ALJ's conclusions are supported by substantial evidence.

Thomas variously challenges the ALJ's decision based on evidentiary weight and credibility, but these challenges do not vitiate the evidentiary sufficiency of the ALJ's conclusion. While an ALJ must consider evidence of pain, it is within the ALJ's discretion to resolve discrepancies between subjective complaints of pain and competing medical evidence.[20] Though

---

[15] ROA at 83.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 81-83.

[19] Fields v. Bowen, 805 F.2d 1168, 1169 (5th Cir. 1986) (quoting Ransom v. Heckler, 715 F.2d 989, 992 (5th Cir. 1983)).

[20] *See* Dunbar v. Barnhart, 330 F.3d 670, 672 (5th Cir. 2003) (per curiam) (holding that ALJ did not err in considering cardiac condition as non-disabling, "discounting Dunbar's subjective complaints of pain as inconsistent with other evidence in the record, including the findings of physicians").

4

No. 14-10143

Thomas challenges the ALJ's decision as ignoring a September 2010 assessment of lumbago (or back pain),[21] the ALJ expressly acknowledged the lumbago assessment, but did not find that the lumbago resulted in a "severe impairment" due to other evidence from the same assessment, i.e., Thomas's full range of motion in her back and extremities, her ability to walk and move without difficulty, and her back x-ray which was negative for abnormalities.[22] Likewise, Thomas notes that the ALJ did not mention a November 2010 assessment of lumbago, described in that instance as a "medically determinable impairment."[23] At the same time, as the ALJ described and the record reveals, "contrary medical evidence" from the same time period supported the ALJ's finding that the lumbago did not create severe impairment.[24] As a result, the Commissioner's decision was supported by substantial evidence and, insofar as Thomas requests that we reweigh evidence, we decline to do so.

As part of her challenge to the ALJ's severe-impairment finding, Thomas also asserts error in the ALJ's failure to consider her age, education, past work experience, and residual functioning capacity.[25] Additionally, Thomas asserts that her lumbago, as a condition allegedly listed in appendix 1 of the social security regulations, warrants a different finding.[26] However, the ALJ's five-step analysis only incorporates such considerations during steps three through five; since we have concluded that the ALJ's decision was sufficiently supported at step two, these issues are not grounds for remand.[27]

---

[21] *See* MEDLINEPLUS, *Back Pain*, http://www.nlm.nih.gov/medlineplus/backpain.html.

[22] ROA at 82, 383-85.

[23] *Id.* at 395.

[24] *See Johnson*, 864 F.2d at 343-44 (quoting Hames, 707 F.2d at 164).

[25] Blue Br. at 8-9.

[26] *Id.* at 12.

[27] *Compare* 20 C.F.R. § 404.1520(a)(4)(iv)-(v), *and* 20 C.F.R. § 416.920(a)(4)(iv)-(v), *with* 20 C.F.R. § 404.1520(c), *and* 20 C.F.R. § 416.920(c); *see also Bowling*, 36 F.3d at 435.

No. 14-10143

Furthermore, we hold that there was no error by the Appeals Council and district court regarding evidence that Thomas submitted after the ALJ's determination on July 29, 2011. The standards governing consideration of additional evidence by the Appeals Council and district court are similar in requiring that the evidence be both new and material.[28] In this context, material evidence creates "a reasonable possibility that it would have changed the outcome of the [Commissioner's] decision."[29] Therefore, materiality impliedly requires evidence to "relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."[30] The additional evidence to which Thomas alludes is either not new, because it was included in the record considered by the ALJ, or not material, falling outside the relevant time period or not supporting an impairment, and therefore does not create a reasonable possibility of changing the outcome.

For the foregoing reasons, the decision of the district court is AFFIRMED; motion to supplement is DENIED.

---

[28] *See* 20 C.F.R. §§ 404.970(b), 404.976(b)(1), 416.1470(b), 416.1476(b); Bradley v. Bowen, 809 F.2d 1054, 1058 (5th Cir. 1987).

[29] *Bradley*, 809 F.2d at 1058 (quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)).

[30] *Id*. (quoting Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985)). In this respect, materiality encompasses the third requirement for consideration of additional evidence by the Appeals Council, i.e., that the evidence relates to the period before the ALJ's decision, since only such evidence which relates to the time period for which benefits were denied can affect the outcome of the Commissioner's decision. *See* 20 C.F.R. §§ 404.976(b)(1), 416.1476(b)(1).