Oscar OROSCO, Plaintiff

v.

COMMISSIONER OF SOCIAL SE-
CURITY ADMINISTRATION,
Defendant

CASE NO. 4:14CV797

United States District Court,
E.D. Texas, Sherman Division.

Signed March 16, 2016

Filed March 17, 2016

Christopher Lawrence Coats, Coats & Todd, PC, Richardson, TX, for Plaintiff.

Whitney Livengood Thorp, Roberta Gene Bowie, Social Security Administration—Office of General Counsel, Dallas, TX, for Defendant.

## *MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

AMOZ L. MAZZANT, UNITED STATES DISTRICT JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 18, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be **REMANDED**.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. It is, therefore, **OR-**

**DERED** that the decision of the Administrative Law Judge is **REMANDED.**

**It is SO ORDERED.**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DON D. BUSH, UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REMANDED.**

### HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on July 20, 2012, claiming entitlement to disability benefits due to the impairments of coronary artery disease, diabetes mellitus, and neuropathy. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on October 22, 2013. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and a vocational expert, LaKedra L. Parker, testified.

On December 26, 2013, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on October 8, 2014. Therefore, the December 26, 2013 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

### ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since February 17, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*). He does receive $3,136 a month effective May 1, 2012 in Veterans Administration (VA) benefits. Exhibit 6F. He has 60% rating for his heart which he indicated was given because he was exposed to Agent Orange during his military service. As set forth below, the record does not show any significant restrictions related to the heart itself. He also receives 10% for each leg and 20% for diabetes.

3. The claimant has the following severe impairments: coronary artery disease, diabetes mellitus and neuropathy (20 CFR 404. 1520(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(a), which includes the lifting and carrying of 20 pounds occasionally and 10 pounds frequently; sit, stand and walk for 6 hours, respectively, in an 8 hour work day; and climbing, squatting, reaching,

kneeling, balancing, crouching and crawling occasionally as defined by the regulations at 20 CFR § 404.

6. The claimant is capable of performing past relevant work as a checker and detailer, both of which are sedentary, skilled, SVP 7. This work does not require the performance of work-related activity precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 17, 2012, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 105–111).

### STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401, 91 S.Ct. 1420. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir.1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir.1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only

"where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir.1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

### SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some

work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

■ At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990).

In this case, a determination was made at the fourth step.

### ANALYSIS

■ Plaintiff's first point of error is that the ALJ relied on a defective hypothetical question and thus the decision is not supported by substantial evidence. Plaintiff is a disabled Vietnam veteran with a 100% disability. Most of the disability is related to his heart and exposure to Agent Orange. The ALJ found at Step 2 that Plaintiff had severe impairments of coronary artery disease, diabetes mellitus and neuropathy (Tr. 105).

The ALJ also found that Plaintiff could perform his past relevant work as a checker and detailer, both sedentary jobs with a SVP7. Specifically, these jobs as noted by the ALJ, do not encompass work-related activities precluded by his RFC (Tr. 111). Several times within his decision, the ALJ specifically states that he has relied on the VE in his opinion that Plaintiff could perform his past relevant work.

The ALJ found that Plaintiff had the ability to perform a the full range of light work which includes the lifting and carrying of 20 pounds ocassionally and 10 pounds frequently; sitting, standing and walking for 6 hours, respectively (in an 8–hour work day); and climbing, squatting, reaching, kneeling, balancing, crounching and crawling occasionally (as defined by the regulations) (Tr. 108).

The ALJ asked the VE if he can sit 6 (hours) out of eight (hours), stand and walk two out of eight (hours), lift up to 10 pounds; he can do his prior work? The VE answered "yes." (Tr. 81). The problem, as pointed out by Plaintiff, is that none of the other postural limitations were given to the VE. So the question is whether that is such a defective hypothetical as to require remand.

■ In this case, the Commissioner concedes that the hypothetical does not incorporate the postural limitations found by the ALJ. The Commissioner argues that since the analysis ended at Step 4, VE testimony was not necessary and that the RFC was proper. Most of the cases dealing with a defective hypothetical come at Step 5 of the analysis. Certainly at Step 5 this case would have to be remanded. The ALJ has a duty " 'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.' 'If the ALJ does not satisfy his duty, his decision is not substantially justified.' " *Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir.2000) (quoting *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir.1995)). When an ALJ relies on testimony elicited by a defective hypothetical question, the ALJ does not carry his burden to show that despite a claimant's impairments, a claimant could perform available work. *Boyd v. Apfel,* 239 F.3d 698, 708 (5th Cir.2001).

■ Here, the ALJ did not provide the VE with the pertinent postural limitations that he noted in his findings as to RFC. Had he done so, the outcome might

have been different. Since the ALJ relied on the VE's testimony, such testimony was in response to a defective hypothetical. *Bowling v. Shalala* articulates the proper standard in the Fifth Circuit for determining whether a hypothetical question is defective and, if so, whether the defective hypothetical question constitutes reversible error. Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994). Moreover, "failure to point out the problems in a defective hypothetical [does not] automatically salvage[ ] that hypothetical as a proper basis for a determination of non-disability." *Boyd*, 239 F.3d at 707. Since posing the incorrect hypothetical is reversible error, Plaintiff need not demonstrate prejudice. *Id* at 708.

The use of the VE at Step 4 indicates a potential problem with the ALJ's decision. How much did the ALJ rely on the VE testimony in making his decision? The Court finds that the ALJ relied to a great extent on the VE's testimony (Tr. 111). Although the ALJ was not required to use a VE in his Step 4 analysis, he did.

 There is well-settled precedent in our Circuit, as noted above, that governs whether flawed hypothetical questions posed to a VE constitute reversible error. If the ALJ relied significantly on the VE's testimony that Plaintiff could perform past relevant work, then failure to follow Circuit precedent is reversible error. This

applies irrespective if the decision was made at Step 4 or Step 5. *See Glenn v. Massanari*, 2001 WL 1135401 (N.D.Tex. 2001). The Commissioner does not argue that Plaintiff's attorney had the opportunity to cross on these limitations. Therefore, the case is remanded on point of error one. Because of the remand, the Court need not consider points of error two and three.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **REMANDED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this 18th day of February, 2016.