# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-40318
Summary Calendar

JAMES R. CORNETT

Plaintiff-Appellant

V.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-cv-00656

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security denied James R. Cornett's claim for supplemental security income benefits. The district court affirmed. On appeal, Cornett alleges various infirmities in the denial, including that the decision was the result of such severe ineffectiveness on the part of his counsel as to deprive Cornett of his constitutional rights. We find no merit to these appellate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments. Because the Commissioner's decision is supported by substantial evidence and comports with relevant legal standards, we affirm.

## I. Procedural History

Cornett applied for supplemental security income ("SSI") benefits, claiming that physical and mental impairments rendered him disabled. Specifically, Cornett alleged that he suffered from back problems, arm injuries, obesity, hepatitis C, post-traumatic stress disorder, and depression. His application was denied as was his petition for reconsideration.

Cornett then requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, the ALJ heard testimony from Cornett (who at that time was represented by counsel, though he no longer has counsel on this appeal[1]) and a vocational expert. The ALJ received into the record the reports and diagnoses resulting from two physical examinations and one mental examination, the report and diagnosis of Cornett's "treating" physician, and an evaluation by a non-examining psychologist. The ALJ determined that Cornett suffered from some "severe" impairments as defined by the relevant regulations, but those impairments did not render him incapable of performing jobs that existed in significant numbers in the national economy. The ALJ offered the jobs of usher, ticket taker, and cashier as examples of work that Cornett was capable of performing.

The ALJ found that Cornett was not disabled and denied his claim for benefits. The Appeals Council denied his request for review and the ALJ's decision became the final decision of the Commissioner. Cornett filed suit in the district court, seeking review of the Commissioner's decision. The magistrate

---

[1] Cornett was represented by counsel in proceedings before the ALJ and his appeal to the magistrate judge. However, his counsel withdrew after receipt of the magistrate judge's report and recommendation. Cornett filed his objections to the district court pro se and continues to represent himself on appeal.

judge recommended that the denial of benefits be affirmed. The district court adopted the report and entered an order dismissing Cornett's suit.

## II. Discussion

On his appeal here, Cornett identifies three issues. Two are phrased in terms of violations of Cornett's due process rights and a third contests the adequacy of his counsel. Because Cornett is representing himself, we apply less stringent standards in interpreting his arguments than we would in the case of a counseled party. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Applying that relaxed standard, we interpret Cornett's brief as attacking the district court's decision on these grounds: (A) the ALJ did not fully develop the record before ruling on Cornett's claim; (B) the ALJ gave insufficient weight to Cornett's subjective complaints of pain; (C) the ALJ failed to consider legal impediments to Cornett's ability to perform the jobs proposed by the vocational expert; and (D) Cornett's constitutional rights were violated by the ALJ.

In reviewing the Commissioner's denial of SSI benefits, an appellate court determines if there is substantial evidence in the record to support the decision, and whether that decision fits within the relevant legal standards. Brock v. Chater, 84 F.3d 726, 727-28 (5th Cir. 1996). "Substantial evidence" has been defined as being relevant evidence that a reasonable mind might accept to support a conclusion; quantitatively, it has been described as being more than a scintilla but less than a preponderance. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). We neither reweigh the evidence nor substitute our discretion for that of the Commissioner. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999). Within the boundaries that these review standards establish, the judgment as to whether benefits should be awarded is for the Commissioner to exercise.

A.    The ALJ's Duty to Develop the Record

Cornett first argues that the ALJ did not fully develop the record and consider all of the relevant evidence before determining that he was not eligible

for SSI benefits. An ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. Ripley, 67 F.3d at 557. Reversal is appropriate only if the applicant shows that he was prejudiced. Id. Prejudice can be established by showing that, had the ALJ adequately performed his duty, he "could and would have adduced evidence that might have altered the result." Kane v. Heckler, 731 F.2d 1216, 1220 (5th Cir. 1984). Discussed below is a specific ALJ duty, which is detailed by regulation, to seek additional medical evidence in certain circumstances. Though these evidentiary duties have been imposed on the ALJ, the claimant continues to bear the burden of proving that he suffers from a disability once an adequate evidentiary record exists. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

Cornett suggests that the ALJ at the hearing failed to probe adequately into the factual issue of the debilitating effects of his physical impairments. However, Cornett was questioned about his impairments by both his counsel and the ALJ at the hearing. Cornett testified regarding his arm and back injuries, hepatitis C, and post-traumatic stress disorder. At the close of questioning, he was invited to tell the ALJ about any physical or mental conditions that had not been covered. He had the opportunity to give any testimony that he desired regarding his obesity and depression. Notwithstanding Cornett's silence at the hearing, the ALJ's decision explicitly considered the record evidence on these latter two conditions.

Cornett also suggests that the ALJ failed to consider the side effects of the medications that he took to control pain. However, the ALJ's decision notes that Cornett did not mention any side effects. Cornett concedes that he did not actually testify that he suffered from side effects, but argues that the ALJ should have discerned from the nature of his testimony that he was suffering from such effects. While Cornett's testimony was somewhat unfocused, it was not

incoherent or unintelligible. The transcript demonstrates that Cornett was lucid and capable of discussing his various impairments at the time of his hearing.

Cornett next argues that the ALJ should have given controlling weight to the determination of Dr. A. C. Walkes, who rendered an opinion that Cornett was temporarily unable to work for a period of one year. The ALJ accorded Dr. Walkes's opinion "no weight" because it was rendered in conjunction with Cornett's application for public benefits with "unknown standards for establishing disability." Cf. 20 C.F.R. § 416.904 ("[A] determination made by another agency that you are disabled or blind is not binding on [the Commissioner]."). In addition, there was little evidence that Dr. Walkes provided any form of treatment for Cornett. The ALJ set forth valid reasons for rejecting Dr. Walkes's opinion and his decision is supported by substantial evidence. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994) ("[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony.").[2]

Finally, Cornett argues that the ALJ erred by failing to recontact Dr. Walkes in order to obtain a definitive statement regarding the extent of Cornett's work-related limitations. The Commissioner is required to recontact a medical source "[w]hen the evidence . . . from [the] treating physician or psychologist or other medical source is inadequate for [the Commissioner] to determine whether [the claimant is] disabled." 20 C.F.R. § 416.912(e). In one precedent, an ALJ's decision to deny benefits was reversed when the record did not clearly establish the effect of the claimant's condition on his ability to work and the ALJ had not made additional contact with the treating physician. See

---

[2] Cornett describes Dr. Walkes as his "treating" physician. The ALJ found no evidence in the record that Dr. Walkes actually treated Cornett. However, even if we assume that Dr. Walkes was Cornett's treating physician, the ALJ was still entitled to give diminished weight to his opinion so long as he offered valid reasons for doing so. See Greenspan, 38 F.3d at 237 (affirming ALJ's decision to accord "no weight" to opinions of applicant's treating physicians).

Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000); see also Ripley, 67 F.3d at 557 ("The only evidence regarding Ripley's ability to work came from Ripley's own testimony."). However, the lack of a statement from Dr. Walkes as to what Cornett could still do in spite of his impairments does not automatically render his report incomplete. As already noted, the ALJ's need to contact a medical source arises only when the available evidence is inadequate to determine if there is a disability. 20 C.F.R. § 416.912(e).

In this case, the ALJ considered over 500 pages of medical evidence before rendering his decision. At least two physicians reported that Cornett's impairments do not preclude him from performing certain types of work; a vocational expert testified to the same effect. It is difficult to characterize such an extensive record as "inadequate." Further, there is no basis for us to conclude that recontacting Dr. Walkes would have overcome the substantial medical evidence in the record and altered the ALJ's decision. Because we cannot say that Cornett was prejudiced by the ALJ's decision not to recontact Dr. Walkes, there is no basis for reversal. Ripley, 67 F.3d at 557.

The ALJ fulfilled his duty to develop the record fully before ruling on Cornett's claim for SSI benefits.

B.    Cornett's Subjective Complaints of Pain

Cornett also contends that the ALJ gave insufficient weight to his subjective complaints of pain. The ALJ found that Cornett's allegations regarding his physical limitations were "not totally credible." Cornett's challenge to the ALJ's finding on credibility focuses on what he argues was the ALJ's improper use of an admission he made below. The admission was that Cornett was convicted of possession of child pornography under federal law in June 1992 and served a five year prison term for the crime. The ALJ's decision referred to Cornett's statement that the crime was "victimless," an assertion that the ALJ described as "a gross misstatement" and a demonstration that Cornett

had "a disregard for truth and a debased conscience." Consequently, the ALJ gave "less weight" to his testimony. Cornett refers to this conclusion as his sole reason for arguing that the ALJ revealed an improper bias.

The ALJ's reference to the child pornography matter is preceded by five pages of detailed record analysis, comparing Cornett's subjective complaints with the diagnoses of medical professionals. The ALJ's decision sets forth several reasons for attaching diminished weight to Cornett's assertions, including: (1) Cornett took fewer medications than a person with his alleged level of pain would be expected to take, (2) Cornett did not seek medical treatment at the level one would expect for a person with his alleged symptoms, and (3) inconsistencies between Cornett's subjective complaints and the results of clinical evaluations.[3] Considering the decision in its entirety, it is clear that the ALJ considered both the objective medical evidence and Cornett's subjective complaints of pain before making an eligibility determination. The decision to credit the medical evidence to a greater extent than Cornett's subjective complaints was valid. See Loya v. Heckler, 707 F.2d 211, 214 (5th Cir. 1983).

Further, the ALJ did not totally reject Cornett's subjective complaints; he merely ascribed "less weight" to them. An ALJ's failure to consider a claimant's subjective complaints of pain or failure to indicate the basis for his credibility determinations is reversible error. See Scharlow v. Schweiker, 655 F.2d 645, 648-49 (5th Cir. 1981). Here, the ALJ referred to the complaints and gave them

---

[3] Cornett claims that he cannot afford additional medications or treatment and, therefore, the ALJ's consideration of these factors was improper. There is authority that even when medical treatment would remedy a condition, a person unable to afford that treatment may still be considered disabled. Lovelace v. Bowen, 813 F.2d 55, 59-60 (5th Cir. 1987). But Lovelace is inapplicable because the record does not support that Cornett's alleged disabilities would be alleviated by regular medical treatment. The ALJ properly gave weight in the credibility determination to Cornett's minimal efforts to obtain treatment. See Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990) (ALJ was not precluded from relying on lack of treatment as an indication that subjective complaints of pain were not credible where there was no evidence that medical treatment would have alleviated alleged disability).

some weight. Cornett's argument that his subjective complaints were not given enough weight is unavailing. See Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991).

The ALJ's credibility determination is supported by substantial evidence and we will not reweigh that evidence on appeal. See Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990) ("[A] factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence."). Further, there is no basis in the record for Cornett's claim that the ALJ exhibited a "bias" against him. The ALJ's remarks do not indicate that he was predisposed to rule against Cornett because of his conviction for possession of child pornography, nor do they reveal an excessive dislike of Cornett. Instead, they disclose a reasoned judgment that Cornett's claims should be received with some skepticism. See Brown, 192 F.3d at 500 ("'[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge' unless 'they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'") (alteration in original) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).

C.      Legal Impediments Preclude Cornett from Working

Cornett argues that the ALJ erred in finding that he was capable of performing jobs that existed in significant numbers in the national economy. "If the Secretary fulfills his burden of pointing out potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990) (citation omitted). This finding was vigorously disputed in Cornett's initial appeal to the magistrate judge. There, Cornett attacked the vocational testimony offered in support of this finding as unreliable and

inadequately accounting for his mental limitations. Those arguments were rejected by the magistrate judge.

Cornett did not pursue those arguments on appeal to the district court or to this Court. Instead, he now argues that the ALJ failed to consider legal impediments to his ability to perform the jobs of usher, ticket taker, or cashier. He offers two alleged legal impediments to his performance of these jobs, one based on his use of certain prescription medications, the other on his conviction: (1) state and federal law prohibit a person from being under the influence of drugs at the workplace and while driving a vehicle; and (2) Texas state law prohibits sex offenders from working "anywhere children may go or congregate."

Cornett did not present his legal impediments arguments to the magistrate judge and, therefore, is not entitled to raise them on appeal. See Cupit v. Whitney, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Moreover, in making this new argument on appeal, Cornett provided no citation to a particular statute, regulation, ordinance or any other authority. Though we review the briefs of pro se appellants with some relaxation of the usual demands on counseled parties, we do not abandon the insistence that some minimal legal basis for arguments must be offered. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even a pro se appellant must set forth "the reasons he deserves relief 'with citation to the authorities, statutes and parts of the record relied on.'" Weaver v. Puckett, 896 F.2d 126, 128 (5th Cir. 1990) (quoting Fed. R. App. P. 28(a)(4)).

Finally, Cornett's new argument about legal impediments reflects a misunderstanding of the meaning of "disability." Whether Cornett is capable of performing work which exists in the national economy is determined by reference to vocational factors (such as age, education, and work experience) and his residual functional capacity. 20 C.F.R. §§ 416.920(a), (g); 416.960(c). A regulation informs a claimant of what does not constitute sufficient proof:

9

(c) Inability to obtain work. We will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because of –

(1) Your inability to get work;
. . .
(3) The hiring practices of employers;
. . .
(7) You would not actually be hired to do work you could otherwise do.
. . .

20 C.F.R. §§ 416.966(c). We agree that the proper interpretation of these exclusions is that a "claimant will also be considered not disabled if the claimant is able to do work which exists in the national economy but remains unemployed because of a criminal record." 3 SOCIAL SECURITY LAW AND PRACTICE § 43:138 (Michael Flaherty and Wendy S. Sigillo eds.,West 2005) (citation omitted).

D.     Cornett's Constitutional claims

Cornett asserts that the Commissioner violated his right to due process and equal protection under the Fifth and Fourteenth Amendments of the United States Constitution.

First, Cornett claims that he was denied a fair hearing. However, he took full advantage of the administrative claims process, was provided with a hearing before an ALJ, and exercised his right to appeal to the district court and this Court. He has not identified any aspect of these proceedings that was constitutionally deficient. Our review of the record reveals that Cornett has been afforded a full and fair opportunity to present his case. His conclusory allegations to the contrary are not availing. See Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997).

Cornett next claims he was the victim of a "class based animus" exhibited by the ALJ. But he has not offered any evidence that he was treated differently than other Social Security claimants. Cf. Wheeler v. Miller, 168 F.3d 241, 252

(5th Cir. 1999) ("Generally, to establish an equal protection claim the plaintiff must prove that similarly situated individuals were treated differently.").

Finally, Cornett argues that he was the victim of ineffective assistance of counsel at his hearing before the ALJ. However, this claim does not rise to the level of a constitutional violation. The Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings. Brandyburg v. Sullivan, 959 F.2d 555, 562 (5th Cir. 1992).

Therefore, we reject Cornett's claim that his due process and equal protection rights were violated. We also reject his ineffective assistance of counsel claim.

In conclusion, the ALJ's decision to deny Cornett's claim for SSI benefits is supported by substantial evidence and comports with relevant legal standards. Accordingly, the order of the district court dismissing Cornett's complaint is AFFIRMED.