# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11388

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2018

Lyle W. Cayce
Clerk

SALIM I. SINDHI,

> Plaintiff - Appellee

v.

KUNAL R. RAINA,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and WIENER and HIGGINSON, Circuit Judges.

CARL E. STEWART, Chief Judge:

Salim Sindhi ("Sindhi") sued Kunal Raina ("Raina") for allegedly misappropriating confidential software, asserting copyright infringement claims under 17 U.S.C. §§ 501-505, as well as trade secret claims under the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 134A.002-005 (West Supp. 2016). After ignoring several district court orders and warnings, the district court entered a default judgment against Raina, who now appeals. Because the district court did not abuse its discretion in entering a default judgment against Raina, we AFFIRM.

No. 17-11388

I.

On October 5, 2015, Sindhi sued Raina, a former employee, for allegedly stealing source code from his online newspaper content management system ("CMS"), and then using the software to create a competing CMS business. On June 2, 2016, Sindhi served Raina, an Indian national and permanent resident of India, through the Hague Service Convention. Later, on June 21, Raina responded by filing a motion to dismiss for lack of personal jurisdiction. Raina did not, however, comply with three local rules. The first local rule, N.D. Tex. Civ. R. 7.4, required Raina to file a statement of interested persons; the second, N.D. Tex. Civ. R. 83.9(b), required Raina's attorney to be admitted to practice before the Northern District of Texas or apply for admission *pro hac vice*; and the third, N.D. Tex. Civ. R. 83.10(a), required Raina to retain local counsel. On September 29, the district court notified Raina that he had not complied with these local rules and issued two orders—one requiring Raina to file a statement of interested persons, and the other requiring him to comply with the admission and local counsel requirements. The district court gave him 21 days to comply.

After the 21 days elapsed, Raina had not complied with, or otherwise responded to, the district court's orders. On October 24, the district court issued two more orders, warning Raina that he had 14 days to comply with the court's local rules; otherwise, the district court would strike Raina's responsive pleadings and enter a default judgment against him without additional warning. Raina did not comply. So, on November 8, the district court struck Raina's motion to dismiss and entered an interlocutory default judgment against him. Shortly thereafter, the district court entered an interlocutory permanent injunction.

Raina did not respond until April 2017. On April 24, Raina filed a motion to set aside the district court's entry of default. In his motion, Raina argued

No. 17-11388

that the district court did not have personal jurisdiction over him, making the default judgment void under Federal Rule of Civil Procedure 60(b)(4).[1]  On September 20, the district court denied this motion, finding that Raina had minimum contacts with Texas, the forum state, in the form of ongoing contractual relationships.

On October 25, Raina filed another motion to set aside the default judgment, this time under Rule 55(c).  The district court again denied the motion.  Then, on November 6, the district court entered a final judgment and corresponding permanent injunction against Raina.

Raina now appeals, contending that the district court erred in entering a default judgment against him and failing to vacate it.  Raina also contests the district court's entry of final default judgment, permanent injunction, and decision to exercise personal jurisdiction over him.

## II.

We review both the entry of a default judgment and the district court's denial of a motion to vacate a default judgment "for abuse of discretion." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 495 (5th Cir. 2015) (citations omitted).  Factual determinations that support the district court's default decision "are reviewed for clear error." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

"Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." *Id.*  Default judgments involve competing policy interests.  On one hand, we have "'adopted a policy in favor of resolving cases on their

---

[1] Raina also argued that Sindhi was judicially estopped from arguing that Raina had minimum contacts with Texas, because he had made seemingly contradictory statements in three other lawsuits concerning the same subject matter that were ongoing in India.  The district court rejected these arguments, finding that judicial estoppel did not apply because Raina had not shown that the Indian courts accepted Sindhi's representations.

No. 17-11388

merits and against the use of default judgments.'" *Wooten*, 788 F.3d at 496 (quoting *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). "On the other, this policy is 'counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Id.* (quoting *In re Chinese-Manufactured Drywall*, 742 F.3d at 594).

## III.

On appeal, Raina challenges three primary sets of decisions. First, he argues that the district court erred by entering a default judgment against him and then denying his motions to vacate the entry of default. Second, he argues that the district court erred by entering a final default judgment against him. Finally, he challenges, in his notice of appeal, the district court's permanent injunction and its exercise of personal jurisdiction.

## A.

Before turning to the merits of Raina's argument, we first examine this court's appellate jurisdiction. Sindhi argues that three of the district court's orders are interlocutory and, therefore, cannot be appealed. He specifically points to: (1) the November 8, 2016 order striking Raina's motion to dismiss for lack of jurisdiction; (2) the September 20, 2017 order denying Raina's motion to overturn the interlocutory default judgment; and (3) the October 27, 2017 order denying Raina's motion to set aside the default judgment. The district court's entry of final judgment, however, undermines Sindhi's argument.

While it is true that interlocutory orders typically cannot be appealed, this general rule changes after the district court enters a final judgment. As we have held in the past, "an appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment." *Tr. Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997). Even if a litigant incorrectly

designates "the ruling from which he seeks to appeal, the notice of appeal is liberally construed and a jurisdictional defect will not be found if (1) there is a manifest intent to appeal the unmentioned ruling or (2) failure to designate the order does not mislead or prejudice the other party." *Id.* at 1486; *see also Jordan v. Ector Cty.*, 516 F.3d 290, 294 (5th Cir. 2008).

We do not perceive—and Sindhi does not point to—any prejudice that would result from exercising appellate jurisdiction and considering Raina's arguments. Raina also clearly presents his intention to challenge the district court's final default judgment. Accordingly, we will exercise appellate jurisdiction over all the issues that Raina adequately raises on appeal.

B.

Raina first challenges the district court's entry of default against him, as well as the district court's two denials of his motions to vacate the entry of default, though he does not make clear the legal basis for this challenge.

Normally, entries of default are challenged under Rule 55(c), which permits a district court judge to "set aside an entry of default for good cause." Fed. R. Civ. P. 55. In determining whether good cause exists to set aside an entry of default, the court considers "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Lacy*, 227 F.3d at 292). The burden of showing good cause lies with the party challenging the default entry. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

Here, Raina's brief did not offer any reasons why good cause exists to overturn the district court's entry of default. His unsupported position also conflicts with the well-settled principle that a district court may "enter default judgment pursuant to Rule 55 for failure of a party to comply with court rules

of procedure." *United States v. Dajj Ranch*, No. 92-2462, 1993 WL 82260, at *2 (5th Cir. 1993) (per curiam) (citing *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970)).

Raina failed at several points to follow the district court's rules. He failed to follow the district court's September 29, 2016 orders to file a certificate of interested persons and comply with local rules regarding the admission of counsel. Nearly a month later, on October 24, the district court warned Raina that failure to comply with the earlier orders would result in an entry of default. Even with these warnings, Raina did not comply with the district court's orders. In fact, Raina did not respond at all until nearly six months later.

Given Raina's repeated failures to comply with the district court's rules of procedure, as well as his significant delay in challenging the entry of default, the district court did not abuse its discretion by entering, and declining to vacate, a default judgment against Raina. Accordingly, we affirm both the district court's entry of default against Raina and its subsequent decisions not to vacate the entry of default.

C.

Raina also argues that the district court erred when it entered a final default judgment against him. Raina compares several lawsuits involving Sindhi—three in India and this one—and points to perceived inconsistencies in Sindhi's arguments across the lawsuits. These inconsistencies, he argues, justify a full presentation of evidence to assess the merits of the underlying dispute. Again, Raina does not specify the legal basis for challenging the court's final default judgment.

The primary route for attacking a final default judgment is Rule 60(b). Fed. R. Civ. P. 60. A district court may set aside "a final default judgment" for

one of the listed reasons under Rule 60(b).[2]  Fed. R. Civ. P. 55(c).  Because the district court here entered a final default judgment, Rule 60(b) applies.[3]  *See* 2015 Amendment to Fed. R. Civ. P. 55 ("Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time. The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.").  Raina's 60(b) arguments, however, all fail.

Raina did not raise arguments under Rule 60(b)(2) or (3) in front of the district court, precluding him from raising those arguments here.  As we have consistently held, "arguments not raised before the district court are waived

---

[2] Federal Rule of Civil Procedure 60(b) provides that the district court "may relieve a party . . . from a final judgment, order, or proceeding" for one of the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

[3] In 2015, Rule 55 was amended to "make plain the interplay between Rules 54(b), 55(c), and 60(b)."  2015 Amendment to Fed. R. Civ. P. 55.  The amendment clarifies that "final" default judgments should be challenged using Rule 60(b), while less-than-final judgments should be challenged through Rule 55(c).  This change is consistent with our prior precedent holding that final judgments must be attacked using Rule 60(b), instead of Rule 55(c). *See, e.g.*, *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008) (holding that "Rule 60(b) applies" because a final judgment was entered).

and cannot be raised for the first time on appeal." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).[4]

Raina did raise arguments under subsections (1), (4), (5), and (6) before the district court.  But even for these subsections, Raina fails to explain how inconsistency in Sindhi's remarks would qualify him for relief.  More specifically, he does not explain how Sindhi's alleged inconsistency resulted in "mistake, advertence, surprise, or excusable neglect," as required under subsection (b)(1).  Fed. R. Civ. P. 60(b)(1).  Similarly, Raina's brief does not argue that Sindhi's alleged inconsistency renders the district court's judgment void under Rule 60(b)(4).  Nor has he shown how the inconsistent statements make the "continuing operation" of the judgment inequitable, as required under subsection (b)(5).  *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980).  Raina also fails to clarify how inconsistencies amount to the "extraordinary circumstances" that would qualify him for relief under subsection (b)(6).  *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  In short, Raina provides some facts but does not explain why they matter under any Rule 60(b) subsection or provide any authority to support his position.

Given Raina's failure to show how the district court abused its discretion under any of the Rule 60(b) subsections, we affirm the district court's denial of his motion to vacate the default judgment.

---

[4] Raina's arguments fit most logically into subsection (3), which permits a district court to overturn a default judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). But even if Raina had raised an argument below under Rule 60(b)(3), he did not provide "clear and convincing evidence" of fraud, misrepresentation, or misconduct. *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992). Nor did he show that "the conduct complained of . . . [prevented him] from fully and fairly presenting [his] case." *Id.*

No. 17-11388

D.

In his notice of appeal, Raina also appeared to contest three other orders from the district court. Specifically, Raina challenges: (1) the November 8, 2016 order striking Raina's motion to dismiss for lack of personal jurisdiction; (2) the November 21, 2016 order granting a permanent injunction against Raina; and (3) the September 20, 2017 order ruling that the district court properly exercised personal jurisdiction over Raina. Raina's brief, however, does not discuss any of these orders—a failure that is fatal to his appeal.

A litigant can waive an issue on appeal in a variety of ways. Issues that are not "briefed are waived and will not be considered on appeal." *Matter of T-H New Orleans Ltd. P'ship*, 116 F.3d 790, 796 (5th Cir. 1997) (internal citations omitted); s*ee also* Fed. R. App. P. 28(a); *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("[A] defendant waives an issue if he fails to adequately brief it."). Likewise, a litigant can waive an argument if he fails to cite authority to support his position. *United States v. Upton*, 91 F.3d 677, 684 n.10 (5th Cir. 1996) ("[C]laims made without citation to authority or references to the record are considered abandoned on appeal."); *L & A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994) (waiver for failing to cite authority).

Nowhere does Raina address—much less adequately brief or present authority challenging—the district court's November 21 injunction. Raina's treatment of the November 8 and September 20 orders is no better. Indeed, Raina does not mention these rulings anywhere in his brief. By failing to address these orders, we consider his challenges abandoned. *Martinez*, 263 F.3d at 438.

As a result of Raina's waiver, we affirm: (1) the November 8, 2016 order striking Raina's motion to dismiss for lack of jurisdiction; (2) the November 21, 2016 order granting a permanent injunction against Raina; and (3) the

No. 17-11388

September 20, 2017 order ruling that the district court properly exercised personal jurisdiction.

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.