# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40328

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JUAN MARTIN SEGURA-OLVERA,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-176-4

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Juan Martin Segura-Olvera, a Mexican national, pleaded guilty to Conspiracy to Receive and Possess an Unregistered Firearm; to wit, a Destructive Device, in violation of 18 U.S.C. § 371. The district court sentenced Segura-Olvera to fifty months' imprisonment, which was below the U.S. Sentencing Guidelines range. Segura-Olvera now appeals his sentence, arguing that the district court erred in imposing two sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40328

enhancements: a two-level enhancement under U.S.S.G. § 2K2.1(b)(3)(B)[1] for possessing a "destructive device," and a four-level enhancement under § 2K2.1(b)(6)(A)[2] for possessing a firearm with knowledge, intent, or reason to believe it would be transported to Mexico. He argues that there was insufficient evidence to prove that *he knew* the type of firearm he possessed or that *he knew* the firearm was intended for Mexico.

Because Segura-Olvera has failed to adequately brief his arguments, his arguments are deemed waived.[3] Even if this court were to consider Segura-Olvera's arguments challenging the factual sufficiency of the evidence supporting the enhancements, his arguments fail. Ostensibly, he argues that the district court was required to make specific factual findings as to what *he knew* before applying the sentencing enhancements. However, to the extent that Segura-Olvera argues that the district court erred in relying on the PSR, his argument is meritless because he failed to provide any rebuttal evidence to challenge the facts in the PSR; he merely objected.[4] Accordingly, the district court was permitted to rely on the facts in the PSR and make common-sense

---

[1] Under U.S.S.G. § 2K2.1(b)(3)(B), a base offense level may be increased by two levels if the offense involved a destructive device, other than a portable rocket, a missile, or a device for use in launching a portable rocket or a missile.

[2] Under § 2K2.1(b)(6)(A), a defendant's base offense level may be increased by four levels if the defendant "possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States."

[3] *See Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019) ("Generally speaking, a [party] waives an issue if he fails to adequately brief it.") (quotation omitted); *Sindhi v. Raina*, 905 F.3d 327, 334 (5th Cir. 2018) ("Issues that are not briefed are waived and will not be considered on appeal.") (quotation omitted); *United States v. Ramirez*, 555 F. App'x 315, 321 (5th Cir. 2014) ("An appellant may not incorporate by reference arguments made in his district court pleadings, and conclusional and inadequately briefed arguments are waived.").

[4] *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) ("In regard to guideline enhancements, the district court may adopt facts contained in a PSR without inquiry, so long as the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence.").

No. 18-40328

inferences from circumstantial evidence.[5]   Because Segura-Olvera has failed to demonstrate that the district court's factual findings were clearly erroneous in any way, and we find that the enhancements were plausible in light of the record as a whole, we AFFIRM.

---

[5] *See id.* ("To prevail on appeal, the defendant must prove that the district court's fact-finding was clearly erroneous, which may include showing the material untruth of the PSR information relied upon by the district court.") (internal citation omitted).