# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50485

_____

WILLIAM CURTIS JONES,

*Plaintiff—Appellant*,

*versus*

MARTIN O'MALLEY, *Commissioner of Social Security*,

*Defendant—Appellee*.

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2024

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1233

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff–Appellant William Curtis Jones brought this action under 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's (the "Commissioner") administrative decision that Jones is not disabled as defined by the Social Security Act (the "Act"). Specifically, the Commissioner found that Jones was not entitled to disability insurance benefits under Title II of the Act. 42 U.S.C. § 423(d)(1)(A). The district

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50485

court agreed and dismissed Jones's complaint. For the reasons stated below, we AFFIRM the district court's dismissal.

## I.    Facts and Procedural History

In March 2021, Jones applied for disability insurance benefits under the Act. He stated that his disability began in February 2018 due to his blindness, low vision, severe cataracts in both eyes, 100% deafness in his right ear, 80% deafness in his left ear, not fully recovering from COVID-19, and dementia.[1] He then explained that, in 2018, he was let go from his past job on a construction project management team due to his difficulty effectively communicating in noisy environments. According to Jones, his hearing troubles caused him to misreport information, miss deadlines, and have problems with other employees. He contends that he should not return to work because of safety issues, specifically his lack of awareness of hazards in a construction environment.

The Social Security Administration (the "Administration") denied Jones's application in both its initial determination and upon reconsideration. This led him to request an administrative hearing in front of an administrative law judge ("ALJ"). After holding a hearing, the ALJ decided that Jones was not disabled under the Act at any time from February 2018 through March 2020. The Administration's Appeals Council then denied Jones's request that it review the ALJ's determination, rendering that determination the

---

[1] Because Jones was no longer covered for Social Security disability insurance benefits after March 2020, he is only eligible for benefits from February 2018 through March 2020. As we will discuss in more detail below, although Jones contests on appeal that he was eligible for benefits through March 2022, he did not raise that argument before the district court. Jones therefore forfeited any claim to eligibility for benefits after March 2020. *See Sindhi v. Raina*, 905 F.3d 327, 333 (5th Cir. 2018).

Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g)–(h).

Jones then filed a pro se Complaint seeking judicial review of the Commissioner's decision in district court. The magistrate judge issued a Report and Recommendation recommending that the district court affirm the Commissioner's decision, which the district court adopted in an order and final judgment. Jones then timely filed this appeal.

## II.    STANDARD OF REVIEW

Judicial review of Social Security disability cases "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)); *see generally* 42 U.S.C. § 405(g) (describing the standard for judicial review of Commissioner decisions). Relevant here is only the first of these inquiries because Jones does not contest the legal standard. "Substantial evidence means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison v. NLRB*, 305 U.S. 197, 229 (1938)). Our inquiry for substantial evidence "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 108. Indeed, we have noted that the Commissioner's determinations lack support from substantial evidence "only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (internal quotation marks omitted); *Bailey v. Saul*, 853 F. App'x 934, 935 (5th Cir. 2021) (unpublished) (quoting the same).

No. 24-50485

## III. Discussion

### A. *Jones's Claim Raised Before the District Court*

Jones's only preserved claim that he raises to this court is that the ALJ did not adequately assess the impact of his limitations on his ability to perform his past relevant work. He contends that the ALJ substantially erred when she determined that he did not have a "disability," as that term is defined under Title II of the Act. For the following reasons, we conclude that Jones has failed to show substantial error.

### i. *Applicable Law*

The Act defines a "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant has a "disability" under this definition, ALJs must follow a five-stage framework that the Administration has prescribed. *See* 20 C.F.R. § 404.1520(a)(4). That framework is as follows, with the burden of proof falling first on the claimant:

> First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. [Fifth], the burden shifts to the [Commissioner] to establish that the claimant can perform the relevant work. If the

4

[Commissioner] meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

### ii.    Analysis

The parties do not dispute that Jones has met his burden of proof for the first, second, and fourth stages.[2] They disagree, however, with respect to stages three and five. Because Jones has failed to show that the ALJ substantially erred at either stage, he shows no reversible error. *See Copeland*, 771 F.3d at 923 (holding that a claimant must show all five stages to prove that she has a "disability" under 20 C.F.R. § 404.1520(a)(4)).

### (1) Stage Three

For stage three, Jones contends that his medical records demonstrate sufficient hearing loss to satisfy the requirements that the Administration set forth in its regulatory appendix. He specifically points to "Listing 2.10," which covers "[h]earing loss not treated with cochlear implantation." *See* 20 C.F.R. part 404, subpt. P, app. 1 § 2.02.[3] He asserts that the ALJ substantially

---

[2] For the first stage, the parties agree that Jones did not work from February 2018 through March 2020. For the second, the parties agree that Jones had the following severe impairments: senile cataracts of the bilateral eyes and asymmetrical sensorineural hearing loss. For the fourth, the parties agree that Jones's hearing impairment prevents him from working as a Subject Matter Expert in Project Management.

[3] Jones admits that his "visual impairments did not meet the requirements" set forth by the Administration in its regulatory appendix and states that "any findings from [his] visual examinations . . . [are] irrelevant to this case." Because Jones concedes this point, he abandons any argument that the ALJ reversibly erred by insufficiently accounting for his visual impairments. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."); *Cornett v. Ashtrue*, 261 F. App'x 644, 651 (5th Cir. 2008) (unpublished) (determining the same for pro se Social Security appeals). Accordingly, we consider Jones's arguments related to those impairments no further.

erred because she "overlooked" that his medical records indicate that he is deaf. Next, he maintains that his deafness caused him "cognitive impairment," which includes difficulties retaining information from complex oral communications and maintaining his safety. Jones therefore also asserts that the ALJ erred by ignoring these effects from his hearing loss.

We disagree. The ALJ "overlooked" neither Jones's deafness, nor his cognitive impairment. She addressed his deafness when she concluded that his hearing loss could be sufficiently "addressed with use of a hearing aid." Similarly, she addressed his cognitive impairment when she "incorporated [his] reported communication limitations" into her overall assessment. She based that "assessment on the full evidence of record, including medical, testimonial, and documentary evidence." Accordingly, Jones has not shown "a conspicuous absence of credible choices or [a lack of] contrary medical evidence," as required to show reversible error. *See Hames*, 707 F.2d at 164.

### (2) Stage Five

For stage five, Jones argues that the Commissioner failed to show that he can perform work available in the national economy. He asserts that his hearing loss means that he cannot perform his previous role as a project manager and that "his advanced age" does not allow him to transition into another role. From these assertions, Jones contends that it is "irrelevant" whether his "cognitive limitations" leave him able to perform any work other than the "complex Project Management tasks" he did at his former job. Because of that, Jones concludes that the ALJ substantially erred because she "ignored" his lack of "transferrable skills and job prospects."

We again disagree. As the ALJ stated, "[t]ransferability of job skills is not material to the determination of disability." Transferability is instead relevant for stage four, where the ALJ acknowledged "that Jones could not perform his past relevant work." What matters at stage five is that the ALJ

relied on the full record to conclude that unskilled jobs exist in the national economy consistent with Jones's limitations. Specifically, she determined that he could work as a hand packer, warehouse worker, or a laundry worker, after crediting testimony from a vocational expert listing those professions. Thus, Jones has not shown that the ALJ's conclusion was unsupported or otherwise made in error. Accordingly, he fails to establish reversible error. *See Hames*, 707 F.2d at 164.

### B. *Jones's Claims Not Raised Before the District Court*

"As we have consistently held, 'arguments not raised before the district court are waived and cannot be raised for the first time on appeal.'" *Sindhi v. Raina*, 905 F.3d 327, 333 (5th Cir. 2018) (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007)). On appeal, the only argument that Jones raises which was also raised before the district court is that:

> The Commissioner erred as a matter of law by failing adequately to consider the impact of Jones' hearing impairments, coupled with auditory processing disorder, on Jones' capacity to engage in full-time employment as a subject matter expert in project management. This position is classified as a highly-skilled "project executive" level role, requiring certain specific skills and aptitude.

For that reason, he has forfeited all other arguments that he raises in his in his appellate brief. *See Sindhi*, 905 F.3d at 333.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Jones's complaint.