# United States Court of Appeals
# for the Fifth Circuit

―――――――

No. 24-30243
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2025

Lyle W. Cayce
Clerk

INDIAN HARBOR INSURANCE COMPANY

*Plaintiff*,

*versus*

COVINGTON FLOORING COMPANY, INCORPORATED

*Defendant*,

―――――――――――――――――――――――

ST. AUGUSTINE HIGH SCHOOL, INCORPORATED, NEW
ORLEANS, LOUISIANA,

*Plaintiff—Appellee*,

*versus*

COVINGTON FLOORING COMPANY, INCORPORATED; CHARTER
OAK FIRE INSURANCE COMPANY; TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,

*Defendants—Appellants*.

―――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:22-CV-5292, 2:23-CV-371

―――――――――――――――――

Before STEWART, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

In 2021, Hurricane Ida left its mark on St. Augustine High School's gym. Water seeped through the roof, warping the wooden court. Covington Flooring Company, Inc. ("Covington") contracted to repair it. During the work, however, a fire broke out. Though the New Orleans Fire Department extinguished the flames, the fire, smoke, and water left the gym in even worse condition. St. Augustine sued Covington in state court for breach of contract and negligence. Covington removed the case to federal court. A jury ruled in St. Augustine's favor. Covington now appeals. Seeing no reason to disturb the result, we AFFIRM.

## I.

For over twenty years, St. Augustine High School, Inc. ("St. Augustine") has leased a gym from St. Joseph Society of the Sacred Heart, Inc. ("St. Joseph"). In 2021, the high school contracted with Covington to replace the gymnasium floor following the damage caused by Hurricane Ida. Covington hired a subcontractor, Jose Carlos Rodriguez, to perform sanding and finishing work on the gymnasium floor. On November 25, 2021, Rodriguez applied products to the floor that contained compounds known to self-heat and combust if improperly disposed of. Later that day, a fire broke out in the gymnasium, causing significant damage to the floor, walls, roof, and other parts of the building.

Following the fire, St. Augustine sued Covington. It asserted claims for breach of contract and negligence in state court. Covington removed the case to federal court. St. Augustine alleged that Covington failed to adhere to

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

its contractual obligations and proper safety protocols, resulting in the fire and the extensive property damage that followed.

After pleadings and discovery, the parties submitted a proposed Pre-Trial Order listing contested legal issues, including whether St. Augustine had a right of action for property damage to the leased gym. The district court ordered memoranda on the issue and ruled that St. Augustine had a right of action for these damages. The case proceeded to a four-day trial, where the jury found Covington liable for breach of contract and negligence.

During the trial, St. Augustine presented testimony from several witnesses, including Bill Lacher, a construction manager overseeing the gymnasium's renovation. Lacher testified about the scope of the fire damage and the costs associated with repairs. Kevin Derbigny, an estimator at Woodward Design & Build, provided detailed estimates of repair costs, distinguishing between fire-related damage and enhancements required to bring the gymnasium up to code. Ashley King, an architect, testified about necessary code compliance upgrades resulting from the fire damage.

On March 14, 2024, the jury unanimously awarded $6,396,096 to St. Augustine, covering costs for the damage it sustained because of the accident. The district court entered the judgment in accordance with the verdict. Covington timely appealed.

## II.

Because this case arises under diversity jurisdiction, we apply the substantive law of Louisiana. *See Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 294 (5th Cir. 2009).

"For non-jury issues in a civil case," such as the district court's order on St. Augustine's right of action for property damages, we "review conclusions of law *de novo* and findings of fact for clear error." *Ransom v. M.*

No. 24-30243

*Patel Enters., Inc.*, 734 F.3d 377, 381 (5th Cir. 2013). We "uphold[] a jury verdict unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did or the legal conclusions implied from the jury's verdict cannot in law be supported by those findings." *Lindsley v. Omni Hotels Mgmt. Corp.*, 123 F.4th 433, 438–39 (5th Cir. 2024) (internal quotation marks omitted) (citing *Johnson v. Thibodaux City*, 887 F.3d 726, 731 (5th Cir. 2018)).

When reviewing a district court's evidentiary ruling, we "apply a deferential abuse of discretion standard." *Westport Ins. Corp. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 117 F.4th 653, 667 (5th Cir. 2024). "A district court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (citation omitted). Under this standard, "[t]he harmless error doctrine applies." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 233 (5th Cir. 2016). This means that "even if a district court has abused its discretion, [we] will not reverse unless the error affected the substantial right of the parties." *Id.*

### III.

Covington raises four issues on appeal: (A) it argues that St. Augustine, as a lessee, has no right of action for damage to the gymnasium; (B) it contends that the district court erred in allowing Lacher, King, and Derbigny to testify as experts; (C) it challenges the admission of evidence on St. Augustine's estimates of total costs and supporting documentation into evidence; and (D) it asserts that the jury improperly awarded damages for the cost of replacing the gymnasium floor and roof. We address each in turn.

4

No. 24-30243

## A.

As a preliminary matter, St. Augustine posits that Covington waived its argument that St. Augustine, as a lessee, lacks a right of action for property damages to the gymnasium under a breach of contract theory. In its view, Covington's argument was limited to tort law. We disagree. Covington broadly asserts that St. Augustine lacks any right of action for property damages to the gymnasium under any legal theory. To support this claim, Covington cites caselaw discussing a lessee's right to property damages across tort, property, and contract law.[1] Because of this, we hold that Covington did not waive this argument.

Turning to the merits, Covington's position can be distilled to a single point: the lease agreement does not grant St. Augustine a right of action for the gymnasium damages. We disagree.

Article 2702 of the Louisiana Civil Code grants a lessee a right of action for property damage. It provides that a "lessor is not bound to protect the lessee's possession against a disturbance caused by a person who does not claim a right in the leased thing. In such a case, the lessee may file any appropriate action against that person." La. Civ. Code. art. 2702. The Louisiana Supreme Court has clarified that article 2702 (formerly numbered 2703) affords "the lessee . . . a right of action for damages sustained against the person occasioning the disturbance." *Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville*, 615 So. 2d 318, 323–24 (La. 1993) (citing *Dixie Homestead Ass'n v. Intravia*, 145 So. 561 (La. Ct. App. 1933); *Robicheaux v. Roy*, 352 So. 2d 766, 767 (La. Ct. App. 1977), *writ denied*, 354 So. 2d 207 (La.

---

[1] *See, e.g.*, *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So. 3d 246 [hereinafter *Eagle Pipe*]; *Richard v. Hall*, 2003-1488 (La. 4/23/04), 874 So.2d 131; *Reagan v. Murphy*, 105 So.2d 210 (La. 1958); *Lomark v. Lavignebaker Petroleum, L.L.C*, 12-389 (La. App. 5 Cir. 2/21/2013), 110 So.3d 1107.

1978)); *accord Shell Oil Co. v. S. S. Tynemouth*, 211 F. Supp. 908, 909 (E.D. La. 1962) (noting that article 2702, then numbered 2703, "gives a lessee a cause of action for his damages caused by a third party's disturbance of the leasehold, unhampered by the limitations of Articles 2315 and 2316").

Additionally, article 3659 defines a "disturbance in fact" as "an eviction or any other physical act that prevents the possessor of immovable property or a right therein from enjoying his possession quietly or that throws an obstacle in the way of that enjoyment." LA. CIV. CODE. art. 3659; *see, e.g.*, *Verzwyvelt v. Armstrong-Ratterree, Inc.*, 463 So. 2d 979, 985 (La. Ct. App. 1985) (holding that a corporation pumping water out of a lake constituted a disturbance in fact).

In this case, St. Augustine, a lessee, possesses the gymnasium under its lease agreement with St. Joseph. *See* LA. CIV. CODE. art. 3659. The damage to the gymnasium constitutes a "disturbance in fact" because it prevents St. Augustine "from enjoying [its] possession" by rendering the gym unavailable for the high school's use. *See id.*; *see, e.g.*, *Verzwyvelt*, 463 So. 2d at 985. Covington, as a third party, "does not claim a right" in the gymnasium. *See* LA. CIV. CODE. art. 2702. As a result, St. Augustine "may file any appropriate action against" Covington, including claims for breach of contract and negligence. *See Potter*, 615 So. 2d at 323–24.[2]

---

[2] Covington separately argues that the district court's Order and Reasons was procedurally improper. Covington fails to cite caselaw to explain how the district court erred. That deficiency constitutes waiver. *See Sindhi v. Raina*, 905 F.3d 327, 334 (5th Cir. 2018) ("[A] litigant can waive an argument if he fails to cite authority to support his position."). We therefore do not address this argument herein.

No. 24-30243

For these reasons, we hold that St. Augustine has a right of action for property damage to the gymnasium.[3]

**B.**

We next consider whether the district court abused its discretion by allowing Lacher, Derbigny, and King to testify as experts. The district court determined that St. Augustine's failure to designate them as experts was "harmless" and allowed their testimony as non-retained experts. We agree.

Federal Rule of Civil Procedure 37(c)(1) requires that a party that fails to disclose information or a witness under Rule 26(a) or (e) "is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). Rule 26(a)(2)(B) requires experts retained for litigation to provide formal reports. FED. R. CIV. P. 26(a)(2)(B). Lacher, King, and Derbigny were not retained for litigation, so their disclosures fall under Rule 26(a)(2)(C). *See* FED. R. CIV. P. 26(a)(2)(C) (requiring a different disclosure requirement for a "witness . . . not required to provide a written report"). This rule requires a disclosure stating "(i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions" they will offer. *Id.* at (i), (ii). St. Augustine provided no such disclosure.

To decide if a failure to disclose is "substantially justified or harmless," we weigh four factors: "(1) the explanation for the failure . . . ; (2) the importance of the testimony; (3) potential prejudice . . . ; and (4) the availability of a continuance." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d

---

[3] Because St. Augustine has a right of action for property damage to the gymnasium under article 2702 of the Louisiana Civil Code, we need not address its alternative argument that its substantial control and responsibility over the gymnasium confer a separate right of action.

365, 372 (5th Cir. 2016) [hereinafter *C.F. Bean*] (citation omitted) (holding that the district court abused its discretion in excluding an expert's report). District courts have "wide latitude" and "intelligent flexibility" to decide whether non-designated expert testimony is allowed. *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). A continuance is "the preferred means of dealing with a party's attempt to designate a witness out of time." *See id.* at 1001.

Here, we agree with the district court that St. Augustine's failure to designate Lachner, Derbigny, and King as experts was harmless. On the first factor, St. Augustine explained that it believed their opinions were lay testimony and identified them in its witness list, noting they would testify on the gymnasium's damages. This factor supports affirming the district court. *See C.F. Bean*, 841 F.3d at 373.

On the second factor, the witnesses' testimonies were important in establishing the scope of damage to the gymnasium. *See King v. King*, 117 F.4th 301, 307 (5th Cir. 2024) (holding that "the damages evidence was important"); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (same). Both parties agree on this point. This factor thus supports affirming the district court. *See C.F. Bean*, 841 F.3d at 373.

On the third factor, admitting these witnesses' testimony did not prejudice Covington. It knew that these witnesses would testify about repair costs and received their estimates during discovery. Covington's experts evaluated these estimates, and Covington chose not to depose these witnesses. On balance, this factor also supports affirming the district court. *See C.F. Bean*, 841 F.3d at 373.

On the fourth factor, Covington declined the district court's offer of a continuance. This refusal weighs in favor of affirming the district court. *Cf.*

No. 24-30243

*C.F. Bean*, 841 F.3d at 374 (determining that denial of a party's continuance request "weighs in favor of reversing the district court").

Considering all these factors, we hold that the district court did not abuse its discretion in permitting Lacher, King, and Derbigny to testify as non-retained experts.

## C.

We now turn to whether the district court abused its discretion in admitting St. Augustine's cost estimates and supporting documentation into evidence. Aside from those that elucidate the standard of review, Covington's principal brief cites no caselaw to support its position. We require more. *See United States v. Upton*, 91 F.3d 677, 684 n.10 (5th Cir. 1996) ("[C]laims made without citation to authority or references to the record are considered abandoned on appeal."); *L & A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994) (holding that a party's failure to cite caselaw constitutes abandonment). On these grounds, we hold that Covington has abandoned its challenge on appeal.

## D.

The final issue on appeal is whether the jury erred by awarding damages for the gymnasium floor and roof replacements. Again, Covington's principal brief cites no caselaw to support its position, aside from those that describe the standard of review. We therefore hold that Covington has abandoned this challenge on appeal. *See Upton*, 91 F.3d at 684 n.10; *L & A Contracting Co.*, 17 F.3d at 113.

## IV.

For the aforementioned reasons, we AFFIRM the district court's judgment and the jury's findings.

9